UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | EDCV 18-01936 JLS (RAO) | Date: | October 16, 2018 |
| Title: | Peter Casey Cruz v. County of Riverside et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

On September 11, 2018, Plaintiff Peter Casey Cruz ("Plaintiff), a California civil detainee proceeding *pro se*, filed a complaint ("Complaint") pursuant to 42 U.S.C. § 1983. Dkt. No. 1. On October 1, 2018, the Court granted Plaintiff's request to proceed *in forma pauperis*. Dkt. No. 7. The Complaint is brought against the County of Riverside (the "County") in its official capacity and Sheriff Stan Sniff ("Sniff") in his individual capacity (collectively, "Defendants"). Compl. at 2. Plaintiff alleges that Defendants violated Plaintiff's Fourteenth Amendment rights. *Id.* at 4-5. Plaintiff requests damages and injunctive relief. *Id.* at 5-6. For the reasons set forth below, the Complaint is **DISMISSED** with leave to amend.

## I. THE SCREENING REQUIREMENT

District courts are required to screen civil complaints filed by individuals proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The Court may dismiss such a complaint, or a portion thereof, before service of process if the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

To determine whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Federal Rules of Civil Procedure ("FRCP") Rule 8 as it would when evaluating a motion to dismiss under FRCP 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). That is,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: EDCV 18-01936 JLS (RAO)  Date: October 16, 2018
Title: Peter Casey Cruz v. County of Riverside et al.

the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. E. 2d 868 (2009) (quotations omitted). The task is context-specific and "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must construe all factual allegations set forth in the complaint as true and in the light most favorable to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

When the Court reviews a complaint for sufficiency, it considers whether the plaintiff has "plead[ed] factual matter that, if taken as true, states a claim the [defendants] deprived him of his clearly established constitutional rights[.]" *See Iqbal*, 556 U.S. at 666. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" *Id.* at 678 (alterations in original) (citations omitted).

The Court may consider exhibits attached to the pleading and incorporated by reference, but is not required to blindly accept conclusory allegations, unwarranted factual deductions, or unreasonable inferences. *See Petrie v. Electronic Game Card, Inc.*, 761 F.3d 959, 964 n.6 (9th Cir. 2014); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also* Fed. R. Civ. P. 10(c). Nor is the Court required to accept as true allegations that are contradicted by the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

## II. SUMMARY OF ALLEGATIONS

Plaintiff is currently housed at Coalinga State Hospital, but he has previously been housed at the Riverside County jails for a petition under California Welfare and Institutions Code § 6600 and he will return to the County jails for further proceedings.[1] Compl. at 4. Plaintiff brings his Complaint for incidents that occurred between May 26, 2016 and April 2018 at Robert Presley Detention Center ("RPDC"), Southwest Detention Center ("SWDC"), and Larry D. Smith Correctional Facility ("SCF"). *Id.* at 7.

---

[1] Under California Welfare and Institutions Code §§ 6600 *et seq.*, an individual may be committed to the Department of Mental Health as a "Sexually Violent Predator" ("SVP") following a determinate prison sentence.

| | | | |
|---|---|---|---|
| Case No.: | EDCV 18-01936 JLS (RAO) | Date: | October 16, 2018 |
| Title: | Peter Casey Cruz v. County of Riverside et al. | | |

    Plaintiff alleges that he was picked up from Coalinga State Hospital ("Coalinga") on May 26, 2016 by deputies from the Riverside County Sheriff's Department. *Id.* at 8. He was placed in the back of the van, and sat on a metal bench for five hours. *Id.* The front part of the van had a cushion seat, but he was not placed there. *Id.* Plaintiff suffers from a number of medical problems, including major back problems, neural foraminal narrowing, mild central stenosis, mild degenerative disc disease and spondylosis, "Kainbacks" disease in his right wrist, osteoarthritis in his hip, a chronic lesion in his left ankle, and a left shoulder injury. *Id.* at 7. Plaintiff was in so much pain after the ride that he could not stand for more than five minutes at a time. *Id.* at 8.

    Plaintiff arrived at RPDC at 6:00 p.m. on May 26, 2016. *Id.* at 7. At RPDC, Plaintiff was in a red shirt, which signifies "Ad-Seg." *Id.* Plaintiff was handcuffed as he was escorted. *Id.* Plaintiff was placed in a holding cell and asked for his restraints to be taken off as the criminal detainees had theirs taken off. *Id.* The deputies refused. *Id.* Plaintiff could not efficiently go to the restroom with the waist-chains on, and he was left in the holding cell for hours in pain due to the restraints coupled with his medical problems. *Id.* The deputies did not call a nurse. *Id.* Plaintiff also suffers from diabetes, and he told the deputies he was diabetic and needed to eat. *Id.* The deputies did not give him anything to eat all day. *Id.*

    Plaintiff saw a doctor many hours later and explained his medical problems. *Id.* at 7. Plaintiff requested a notation in his file to not use certain restraints or to "cross-chain" and that Plaintiff was diabetic and had not eaten. *Id.* Plaintiff's requests were denied and he was still not given any food. *Id.* Plaintiff was taken to see mental health in the middle of the night on May 27, 2016. *Id.* at 8. Plaintiff was handcuffed extremely tightly, and the deputy refused his request for the handcuffs to be loosened. *Id.* Plaintiff was in pain the entire time he was in handcuffs for his visit to mental health. *Id.* Plaintiff had to sleep on a wooden bench, which left Plaintiff in extreme pain. *Id.* at 8.

    Plaintiff did not eat until "morning chow" on May 27, 2016. *Id.* Plaintiff was not given his medication until mid-day on May 27, 2016. *Id.* In the afternoon on May 27, 2016, Plaintiff was transported to SWDC on a bus. *Id.* The deputies "fronted [Plaintiff] off" that he was an SVP, which caused Plaintiff to be harassed on the bus. *Id.* The cross-chaining during transport caused Plaintiff severe pain, but deputies told Plaintiff it was policy for "civil to be cross-chained." *Id.* At SWDC, Plaintiff was again escorted in handcuffs, which were applied tightly,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: EDCV 18-01936 JLS (RAO)  Date: October 16, 2018
Title: Peter Casey Cruz v. County of Riverside et al.

causing pain. *Id.* at 9. Plaintiff requested deputies loosen them, but they refused. *Id.* By the time Plaintiff was housed, dinner had already been served. *Id.* at 8. Plaintiff requested a sack lunch, but was denied. *Id.* Plaintiff did not eat until 3:30 a.m. *Id.*

After a couple of days, Plaintiff was transported back to RPDC for his court proceedings. *Id.* at 9. Plaintiff was again placed in a holding cell and his restraints were not removed, even though the criminal detainees in the holding cells had their restraints taken off. *Id.*

Plaintiff was also not given his antibiotics that had been sent with him for Coalinga until about four days after Plaintiff arrived at the County jails. *Id.* Plaintiff had to refuse his medication on June 6, 2016 because the nurse placed the pill on a filthy tray slot of the door. *Id.*

On June 7, 2016, Plaintiff was transported back to RPDC, cross-chained again. *Id.* Plaintiff was in pain for most of the day because they first went to Banning. *Id.*

On June 8, 2016, in the early morning, Plaintiff was placed in the back of the van with the metal bench for the trip back to Coalinga. *Id.* The criminal detainees were placed in the front section with the padded seats. *Id.* Plaintiff was in extreme pain for five hours. *Id.* at 10.

At both RPDC and SWDC, the deputies caused Plaintiff grief regarding his SVP status. *Id.* at 9. Plaintiff alleges that the deputies and medical staff at both facilities purposefully treated Plaintiff worse than the criminal detainees. *Id.* at 10. Plaintiff alleges that he was transported from Coalinga to the County jails in October 2016, March 2017, December 2017, January 2018 and March 2018. *Id.* On all of these dates, Plaintiff suffered the same issues of more restrictive treatment compared to the criminal detainees (cross-chained when transported and restraints kept on in the holding cells), lack of medical care and treatment, and lack of accommodation of medical conditions. *Id.* On all of these dates, Plaintiff suffered extreme pain. *Id.* During transport, the deputy would blast the radio in the back and refused Plaintiff's request to turn it down to annoy Plaintiff because of his SVP status. *Id.* Plaintiff has a walker while at Coalinga, but he was denied a walker or wheelchair at the jails. *Id.* at 10-11. Plaintiff was denied lunch three times during transport between jails. *Id.* at 11. Plaintiff complained of the ankle chains due to his ankle injury, but deputies would not loosen them or use zip-ties. *Id.* Plaintiff was denied his medications for diabetes, pain, hepatitis C and hypertension upon arrival and for some

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: EDCV 18-01936 JLS (RAO) | Date: October 16, 2018 |
| Title: Peter Casey Cruz v. County of Riverside et al. | |

days after his arrival. *Id.* Plaintiff would receive medication at Coalinga 3-4 times a day, while the jail would at best give him his medication twice daily. *Id.*

Plaintiff alleges that the County is responsible for the policies giving rise to Plaintiff's injuries. *Id.* at 2. Plaintiff alleges that the policies made by top policy-makers for the Sheriff's Department made the conditions of confinement for SVP civil detainees either identical to, similar to, or more restrictive than conditions for their criminal counterparts and do not comply with *Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004) or *King v. County of Los Angeles*, 885 F.3d 548 (9th Cir. 2018). Compl. at 3-4. Additionally, Plaintiff alleges that Sniff is liable for setting in motion a series of omissions of failing to fix these deficient policies. *Id.* at 5. Sniff is also responsible for failing to stop the custom and practice of deputies in their treatment of SVP civil detainees in the County's jails. *Id.*

## III. DISCUSSION

### A. Legal Standards

#### 1. 42 U.S.C. Section 1983

Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State …, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law[.]

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead acts as a vehicle for bringing federal constitutional and statutory challenges to actions by state and local officials. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Vicarious liability is unavailable for a Section 1983 claim. *Iqbal*, 556 U.S. at 676. To state a viable Section 1983 claim against an individual, a plaintiff's complaint must allege that the individual's own actions caused the particular constitutional deprivation alleged. *Id.* Individuals cause a constitutional deprivation when they: (1) affirmatively act, participate in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | EDCV 18-01936 JLS (RAO) | Date: | October 16, 2018 |
| Title: | Peter Casey Cruz v. County of Riverside et al. | | |

another's affirmative act, or fail to perform an act they are legally required to do that causes the deprivation; or (2) set in motion a series of acts by others which they know or reasonably should know would cause others to inflict the constitutional injury. *See Lacey v. Maricopa County*, 693 F.3d 896, 915 (9th Cir. 2012) (citation omitted). Allegations regarding causation must be individualized and must focus on the duties and responsibilities of the defendant "whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).

### 2. *Conditions of Confinement*

"Under the Due Process Clause of the Fourteenth Amendment, an individual detained under civil process cannot be subjected to conditions that amount to punishment." *King v. Cty. of Los Angeles*, 885 F.3d 548, 556-57 (9th Cir. 2018) (citing *Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2004)) (internal punctuation omitted). Civil detainees awaiting commitment proceedings under California's Sexually Violent Predator Act ("SVPA") are "entitled to protections at least as great as those afforded to a civilly committed individual." *Id.* at 557 (citing *Jones*, 393 F.3d at 932). Conditions of confinement for a civil detainee are presumptively punitive if: (1) they are identical to, similar to, or more restrictive than, those in which criminal counterparts are held; or (2) an individual awaiting SVPA adjudication is detained under conditions more restrictive than those the individual would face following SVPA commitment. *Id.* (citing *Jones*, 393 F.3d at 932-33). "If either presumption applies, the burden shifts to the defendant to show (1) legitimate, non-punitive interests justifying the conditions of the detainee's commitment and (2) that the restrictions imposed are not excessive in relation to these interests." *Id.* (citing *Jones*, 393 F.3d at 935) (internal punctuation omitted).

### 3. *Monell Liability*

A local government agency can be held liable if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, or where the action is made pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels." *Jackson v. Barnes*, 749 F.3d 755, 762-63 (9th Cir. 2014) (quoting *Monell*, 436 U.S. at 691).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | EDCV 18-01936 JLS (RAO) | Date: | October 16, 2018 |
| Title: | Peter Casey Cruz v. County of Riverside et al. | | |

A plaintiff may also establish municipal liability by demonstrating that the alleged constitutional violation was caused by a failure to train or supervise municipal employees adequately. *See City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). To state a failure-to-train claim, a plaintiff must allege: (1) he was deprived of a constitutional right; (2) the municipality had a training policy that amounts to deliberate indifference to the constitutional rights of persons with whom officials are likely to come into contact; and (3) his constitutional injury would not have happened had the municipality properly trained those officials. *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007). "Similarly, a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" to a plaintiff's constitutional rights. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citation omitted). A municipality is deliberately indifferent when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the [municipality] can reasonably be said to have been deliberately indifferent to the need." *City of Canton*, 489 U.S. at 390. "Where a § 1983 plaintiff can establish that the facts available to city policymakers can put them on actual or constructive notice that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens, the dictates of *Monell* are satisfied." *Id.* at 396.

### 4. *Supervisory Liability*

"A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotations and citation omitted). "The requisite causal connection can be established . . . by setting in motion a series of acts by others, . . . or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury[.]" *Id.* at 1207-08 (quotations and citations omitted). Supervisory officials may be liable under Section 1983 for their own culpable action or inaction in the training, supervision, or control of subordinates; for acquiescence in the constitutional injuries complained of; or for conduct showing a callous or reckless indifference to the rights of others. *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (citing *Larez v. City of Los Angeles,* 946 F.2d 630, 646 (9th Cir. 1991)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | EDCV 18-01936 JLS (RAO) | Date: | October 16, 2018 |
| Title: | Peter Casey Cruz v. County of Riverside et al. | | |

**B.** **Analysis**

   1. *Plaintiff Fails to State a Cognizable Municipal Liability Claim.*

Plaintiff provides only conclusory allegations that the County is responsible for policies that gave rise to Plaintiff's injuries and that the policies made the conditions of confinement for SVP civil detainees either identical to, similar to, or more restrictive than conditions for their criminal counterparts. Compl. at 2-4. Plaintiff does not adequately identify the policies at issue that caused the alleged constitutional injuries. Rather, Plaintiff alleges that due to the actions of specific unnamed deputies at the County jails, he was subject to conditions that may have been more restrictive than his criminal counterparts. For example, Plaintiff alleges that he was kept in restraints in the holding cells or that he was forced to sit on a metal bench during transport rather than cushioned seats. He does not allege, however, that these actions were taken pursuant to County policies or custom. In the one instance where Plaintiff alleges a specific policy "for civil to be cross-chained" during transport, *see* Compl. at 8, Plaintiff does not allege whether this treatment was identical to, similar to, or more restrictive than conditions for his criminal counterparts during transport.

To the extent Plaintiff alleges municipal liability based on a failure to train or supervise employees, Plaintiff has not alleged that the County had a training policy that amounted to deliberate indifference to constitutional rights of civil detainees, or that the County's policymakers had actual or constructive notice of the alleged constitutional violations. Plaintiff's allegations amount to potentially unconstitutional action by individual deputies, but they do not adequately show how the purportedly unconstitutional action was caused by the County's failure to train or supervise. Accordingly, Plaintiff fails to state a claim based on municipal liability.

   2. *Plaintiff Fails to State a Cognizable Supervisory Liability Claim.*

Plaintiff provides only conclusory allegations against Sniff, stating that Sniff is liable for setting in motion a series of omissions of failing to fix deficient policies and for failing to stop the custom and practice of deputies in their treatment of SVP civil detainees in the County's jails. Compl. at 5. As with his municipal liability claim, Plaintiff has failed to identify any deficient or unconstitutional policies or customs. Additionally, Plaintiff has not alleged personal involvement by Sniff in the creation of policies or that Sniff had the ability to implement or fix

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | EDCV 18-01936 JLS (RAO) | Date: | October 16, 2018 |
| Title: | Peter Casey Cruz v. County of Riverside et al. | | |

any policies.  Plaintiff has also not alleged how Sniff knew or reasonably knew his actions or omissions would cause others to inflict a constitutional injury.  Accordingly, Plaintiff fails to state a claim against Sniff in his individual capacity.

## IV.   CONCLUSION

In light of the foregoing, Plaintiff's Complaint is hereby **DISMISSED** with leave to amend.  If Plaintiff intends to pursue this matter, he shall file a "First Amended Complaint" by **November 15, 2018**.  If, given the contents of this Order, Plaintiff elects not to proceed in this action, he may expedite matters by signing and returning the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice.  Any amended complaint must: (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to prior complaints, *i.e.*, it must include all of the claims on which Plaintiff seeks to proceed, Local Rule 15-2; (c) contain a "short plain" statement of the claim(s) for relief, *see* Fed. R. Civ. P. 8(a); (d) make each allegation "simple, concise and direct," Fed. R. Civ. P. 8(d)(1); (e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b); (f) set forth clearly the sequence of events giving rise to the claims for relief; and (g) allege with sufficient specificity what each defendant did and how that individual's conduct violated Plaintiff's civil rights.

**Plaintiff is cautioned that, absent further order of the Court, his failure to timely file a First Amended Complaint or Notice of Dismissal may result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute.**

**In addition, the Clerk is directed to provide a Central District of California Civil Rights Complaint Form, CV-66, to Plaintiff to facilitate his filing of a First Amended Complaint if he elects to proceed in that fashion.**

**IT IS SO ORDERED.**

Attachments.

| | : | |
|---|---|---|
| | Initials of Preparer | dl |